ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

DEC 1 0 2024

KEVIN P. WEIMER, Clerk
By _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | Criminal Indictment |
| MATTHEW OGBORU, A/K/A JAMES WILLIAMS, | No.  **1 : 2 4 C R - 0 3 8 6** |
| AND | **UNDER SEAL** |
| STANLEY BATEREN, A/K/A JEFF BROWN | |

THE GRAND JURY CHARGES THAT:

### Count One

*(Conspiracy to Commit Wire Fraud* – 18 U.S.C. § 1349)

1. Beginning at least by in or about June 2019, and continuing through at least in or about December 2022, in the Northern District of Georgia and elsewhere, the Defendants, MATTHEW OGBORU, a/k/a James Williams, and STANLEY BATEREN, a/k/a Jeff Brown, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that these pretenses were and would be false and fraudulent when made and caused to be

made and that the omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## Manner and Means

2. The Defendants and their co-conspirators engaged in various online scams that duped victims into delivering cash and other monetary instruments to Atlanta, Georgia locations. Victims also submitted wire transfers to various bank accounts controlled by the Defendants and their co-conspirators.

3. Victims communicated with the Defendants and their co-conspirators through various means, including online messaging, emails, and phone calls.

4. The online scams focused on creating a scenario where the victims would eventually meet face-to-face with a "courier" and deliver large amounts of cash to the courier in exchange for something of value. In the most common variation of the scheme, the victims communicated with unknown fraudsters online. The unknown fraudsters groomed the victims into believing that they would receive millions of dollars that would be personally delivered to the victims. The victims were told falsely that the money was either an inheritance from a distant relative or that the victims' online paramour was sending money to the victims for safekeeping.

5. As a result of these misrepresentations, victims believed that a package containing millions of dollars would be shipped to Atlanta, and that the victims

2

needed to travel to Atlanta to meet with a courier and retrieve the package. Victims were also told that they would need to bring payments for various fees that were required to be paid before the package was released. Once a victim was told that the package arrived or would soon arrive in Atlanta, the victim traveled to Atlanta to meet with the courier, provide the required payments, and retrieve the package.

6. In furtherance of the conspiracy, Defendants OGBORU and BATEREN posed as couriers, using various aliases, including James Williams and Jeff Brown. They communicated directly with victims to arrange a time and place to meet to deliver the package. Victims traveled from locations throughout the United States to meet face-to-face with the Defendants. The victims gave the Defendants the required payments but never received a package or anything of value in return. Several victims traveled numerous times to meet with the Defendants.

7. During the course of the conspiracy, victims delivered and transferred more than $500,000 to Defendants OGBORU and BATEREN based on their fraudulent scheme.

All in violation of Title 18, United States Code, Section 1349.

3

## Counts Two and Three

*(Wire Fraud* – 18 U.S.C. § 1343)

8. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 2 through 7 of this Indictment as if fully set forth herein.

9. Beginning at least by in or about June 2019, and continuing through at least in or about December 2022, in the Northern District of Georgia and elsewhere, the Defendants, MATTHEW OGBORU, a/k/a James Williams, and STANLEY BATEREN, a/k/a Jeff Brown, aided and abetted by each other and others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

10. On or about the dates listed below for each count, in the Northern District of Georgia and elsewhere, Defendants OGBORU and BATEREN, aided and abetted by each other and others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission

4

of material facts, did, with intent to defraud, cause to be transmitted by means of

wire communication in interstate and foreign commerce certain writings, signs,

signals, and sounds, that is, the following online communications between

Victim D.R. and a person involved in the scheme who used the moniker "Eleanor

Brooke":

| Count | Date | Wire Communication |
|-------|------|--------------------|
| 2 | 9/16/2022 | Online message from Brooke's Facebook account to Victim D.R. telling him to meet with courier and retrieve package |
| 3 | 9/19/2022 | Online message from Brooke's Facebook account to Victim D.R. telling him to send photographs of two cashier's checks |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Forfeiture

11. Upon conviction one or more of the offenses alleged in Counts One

through Three of this Indictment, the Defendants, MATTHEW OGBORU, a/k/a

James Williams, and STANLEY BATEREN, a/k/a Jeff Brown, shall forfeit to the

United States any property, real or personal, which constitutes or is derived from

gross proceeds traceable to such violations, pursuant to Title 18, United States

Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c),

including, but not limited to, a money judgment representing the proceeds

obtained as a result of the offenses.

5

12. If as a result of any act or omission of Defendants OGBORU and

BATEREN, property subject to forfeiture:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred to, sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property, which cannot be divided

    without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)

and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

property of the Defendants up to the value of the forfeitable property.

A   _____ *TRUE* _____    BILL

     _____
          FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

KELLY K. CONNORS
*Assistant United States Attorney*
Georgia Bar No. 504787

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181